IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA DIANE TANNER, individually and on behalf of all other similarly situated, § § § § | | |
| Plaintiff, § § | | |
| V.  § | No. 3:24-cv-69-B-BN | |
| § | | |
| NAVY FEDERAL CREDIT UNION, § § | | |
| Defendant. § | | |

### **MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Plaintiff Linda Diane Tanner, providing a mailing address in Fort Worth, Texas, filed a *pro se* complaint against Defendant Navy Federal Credit Union ("NFCU") raising claims of negligence and fraud but alleging little else. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred Tanner's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Taking notice of other proceedings in this district, *see* FED. R. EVID. 201; *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam), Tanner first filed her claims against NFCU in the Fort Worth Division of this district on November 16, 2023, *see Tanner v. Navy Fed. Credit Union*, No. 4:23-cv-1164-P-BJ (N.D. Tex.) ("*Tanner I*").

After granting Tanner leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, *see Tanner I*, Dkt. Nos. 2 & 5, the court in Fort Worth set out to screen the

allegations, *see id.*, Dkt. Nos. 7, 9, & 18, as that statute requires, *see* 28 U.S.C. § 1915(e)(2). But Tanner objected, moved to recuse the magistrate judge, and moved to transfer the lawsuit to the Dallas Division under 28 U.S.C. § 1404(a). *See Tanner I*, Dkt. Nos. 10 & 12-17. Tanner then voluntarily dismissed the lawsuit, on December 23, 2023. *See id.*, Dkt. No. 19.

Refiling the claims in Dallas, Tanner fails to show that venue is proper in this division where, considering the complaint filed here, the only allegation as to venue is that Tanner resides in Fort Worth and, taking notice of Tanner's prior filings in Fort Worth, the only basis to transfer venue were allegations that the judges in Fort Worth were biased.

Neither a disagreement as to the management of your case nor an allegation of judicial bias is a factor to support transfer under Section 1404(a). *See, e.g., Stuyvesant v. Conway*, 1:03-CV-03856 (JLR), 2023 WL 348469, at *4 (S.D.N.Y. Jan. 20, 2023) (rejecting a request to transfer venue where the petitioner simultaneously moved for recusal).

So, considering that the record reflects that a substantial part of the events or omissions alleged to give rise to Tanner's claims occurred where she resides, in Fort Worth, *see* 28 U.S.C. § 1391(b)(2), if venue is proper in the Northern District of Texas, it lies in the Fort Worth Division of this district, not the Dallas Division.

A district court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. §

1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a).

The Court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge" and "may be made *sua sponte*." (citation omitted)).

And the "'broad discretion' to transfer cases pursuant to 28 U.S.C. § 1404(a) … is properly exercised to discourage 'judge shopping.'" *Moreno v. City of N.Y.*, No. 14-cv-6062 (NG), 2015 WL 403246, at *2 (E.D.N.Y. Jan. 28, 2015) (citations omitted). "Judge shopping concerns are particularly acute when a litigant files suit in one forum after receiving adverse rulings, or indications thereof, in another" – that is "litigants are not permitted to 'weigh anchor and set sail for the hopefully more favorable waters of another district' whenever they 'see a storm brewing in the first court.'" *Id.* (citations omitted).

Accordingly, considering Tanner's prior prosecution of the claims against NFCU in this district, the Court will immediately transfer this action to the Fort Worth Division of the Northern District of Texas under Section 1391(b)(2) and the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6.

Any objection to this interlocutory order may be made to a district judge in the

- 3 -

Fort Worth Division. *See* FED. R. CIV. P. 72(a); *Conner v. Kelly*, No. 3:23-cv-742-B-BN, 2023 WL 8039485, at *3-*4 (N.D. Tex. Oct. 31, 2023), *rec. accepted*, 2023 WL 8037655 (N.D. Tex. Nov. 20, 2023).

    SO ORDERED.

    DATED: January 10, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE